UNITED STATES DISTRICT COURT RECEIVED-CLERK
DISTRICT OF NEW JERSEY         U.S. DISTRICT COURT

LANDSMAN & FUNK, P.C., on behalf of itself        2008 JUL 16   P 4: 04
and all others similarly situated,

                                                    **COMPLAINT**

            Plaintiffs,

                                                    08 CV 3610 (KSH)

-vs.-

                                                    **Class Action**

**SKINDER-STRAUSS ASSOCIATES**, a New
Jersey Partnership,                                          **Jury Demanded**

           Defendant.

Comes now Plaintiff Landsman & Funk P.C., on behalf of itself and all others similarly situated, and alleges as follows:

### INTRODUCTION

1.    Plaintiff Landsman & Funk, P.C. (hereinafter "Landsman," "Plaintiff," or "class Plaintiff") is bringing this action against Skinder-Strauss Associates (hereinafter "Skinder" or "Defendant") for violating the Telephone Consumer Protection Act (hereinafter "the TCPA"). Congress enacted the TCPA in 1991 TCPA to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receiving such faxes. Congress believed that such unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interferes with the use of fax machines by these recipients, who are consumers and businesses. Upon information and belief, Skinder is and, for all relevant times in this lawsuit, has been well aware of the TCPA. Nevertheless, Lorman has recently caused to be sent out thousands of such unsolicited fax advertisements for its goods and/or services. Therefore, Skinder is liable to Plaintiff and the proposed classes of similarly situated persons under the TCPA.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. This Court also has diversity jurisdiction over this action under 28 U.S.C. 28 U.S.C. § 1332(d) in that, upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the class Plaintiff is a citizen of a state different from the Defendant.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(a)(1), 1391(b)(1) in that this is the judicial district in which the Defendant resides and has its primary place of business.

5. Venue is also proper in this judicial district under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

6. Plaintiff is a New York professional corporation with its principal place of business at 60 East 42nd Street, Suite 550, New York, New York 10165.

7. Defendant is a New Jersey partnership with its principal place of business at 240 Mulberry Street, Newark, New Jersey 07102. Defendant is in the business of, among other things, publishing legal directories in at least six states.

## DEFENDANT'S ILLEGAL ACTIONS

8. Landsman, has and had at all relevant times to this action telephone service at (212) 471-2509 at its principal place of business at 60 East 42nd Street, Suite 550, New York, New York 10165. Landsman receives facsimile transmissions (hereinafter "faxes") at that number, using a telephone facsimile machine (hereinafter

2

"fax machine").

9. On July 15, 2008, Defendant, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisements (hereinafter "the fax advertisement") for goods and/or services to Plaintiff at its telephone number listed above. A copy of the fax advertisement is attached hereto as Exhibit A and is incorporated herein by reference.

10. The fax advertisement was wholly unsolicited in that it was sent to Landsman by Skinder without Landsman's express invitation or permission.

13. The fax advertisement does not contain a notice meeting all of the requirements of 47 U.S.C. § 227(b)(2)(D).

14. Upon information and belief, notwithstanding the Defendant's awareness of the prohibitions of the TCPA, Defendant willfully and/or knowingly arranged for and/or caused the fax advertisement to be sent to Landsman's fax machine.

15. Upon information and belief, Defendant has, from on or after July 9, 2005 through the present, willfully and or knowingly sent and/or arranged to be sent well over ten-thousand unsolicited fax advertisements, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), to be sent to the fax machines and/or computers belonging to thousands of persons all over the United States without the express invitation permission of the persons to whom the fax machines and/or computers belong.

## THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

16. The Telephone Consumer Protection Act of 1991, Pub.L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code. 47 U.S.C. § 227.

17. In pertinent part, 47 U.S.C. § 227(b) provides "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]"

18. In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C. § 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

19. As used in both 47 U.S.C. § 227 and 47 C.F.R. 64.1200, "[t]he term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

20. 47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited facsimile advertisement unless, among other things, the unsolicited facsimile advertisement contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

21. 47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;

4

(ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);

(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and
(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

22.  Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, **or to receive $500 in damages for each such violation**, whichever is greater, or

(C) both such actions

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

23. 47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

## Class Allegations

24. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiff seeks to represent a class of persons (hereinafter "the Class") defined as follows:

> All persons in the United States to whom, on or after July 9, 2005 through the present, Defendant sent or caused to be sent, an unsolicited advertisement, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), using a telephone facsimile machine, computer, or other device, without the persons' express invitation or permission.

26. <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27. Upon information and belief, there are, at a minimum, well over ten-thousand class members of the Class described in paragraph 25.

28. Upon information and belief, the Class size and the identities of the individual members thereof are ascertainable through Skinder's records, including, but not limited to Skinder's fax and marketing records.

29. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

30. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful and willful conduct.

31. Plaintiff and members of the Class each received unsolicited fax advertisements, which Skinder sent or caused to be sent on or after July 9, 2005 through the present, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), in violation of 47 U.S.C. § 227(b) and the regulations promulgated thereunder. The claims of the Plaintiff and the members of the Class are based on the same legal theories and arise form the same unlawful conduct.

32. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class.

33. The questions of fact and law common to Plaintiff and the Class predominate over questions which may affect individual members and include the following:

(a) Whether Skinder's conduct of sending and/or causing to be sent to Plaintiff

7

and the members of the Class unsolicited fax advertisements, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), by facsimile, computer or other device violated the TCPA, 47 U.S.C. § 227;

(b) Whether Skinder's conduct was knowing or willful?;

(c) Whether Plaintiff and the members of the Class are entitled to statutory damages, triple damages and costs for Skinder's acts and conduct; and

(d) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Skinder from continuing to engage in its unlawful conduct.

34.    <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation and in TCPA cases.

35.    <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory

judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

36. <u>Injunctive Relief</u>: Skinder has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

37. Landsman repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

38. By Defendant's conduct, described above, Defendant committed numerous violations of 47 U.S.C. § 227(b) against Plaintiff and the Class, to wit: the fax advertisements Defendant sent and/or cause to be sent to Plaintiff and the Class were wholly unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D);

39. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages under 47 U.S.C. § 227(b) in excess of $5,000,000 from Defendant.

40. Upon information and belief, Defendant willfully and/or knowingly arranged for and/or caused well over ten-thousand unsolicited fax advertisements, which did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D), to be sent to Plaintiff and the members of the Class. Accordingly, Plaintiff request an increase by

the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Landsman repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

42. As described above, upon information and belief, Defendant has committed numerous violations of 47 U.S.C. § 227(b).

43. Accordingly, under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of the Class are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Class, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firms representing Plaintiff as counsel for the Class;

2. An award to Plaintiff and the members of the Class statutory damages, in excess of $5,000,000, pursuant to 47 U.S.C. § 227(b), for Defendant's violation of that statute.

3. An increase by the Court of the award prayed for by Plaintiff and the members of the Class in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b), as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations. Here, an increase from an award in excess of $5,000,000 to an award in excess of $15,000,000 against Defendant;

4. An injunction against Defendant, prohibiting Defendant from committing further violations of the above-mentioned statutes and regulations.

5. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
July 16, 2008

Respectfully submitted,

BELLIN & ASSOCIATES LLC

By: _____
Aytan Y. Bellin, Esq.
One of the Attorneys for Plaintiff and the Class
60 East 42nd Street – Suite 1026
New York, New York 10165
Tel: (212) 962-2400

Attorneys for the Plaintiff and the Class
Aytan Y. Bellin, Esq.
Bellin & Associates LLC
60 East 42nd Street – Suite 1026
New York, New York 10165
Tel: (212) 962-2400

Brian L. Bromberg, Esq.
(will be moving for admission *pro hac vice*)
Bromberg Law Office, P.C.
40 Exchange Place – Suite 2010
New York, New York 10005
(212) 248-7906