UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LANDSMAN & FUNK, P.C.,
        Plaintiff,

v.

SKINDER-STRAUSS ASSOCIATES,
        Defendant.

Civ. Action No. 08-3610 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I.    Background**

Plaintiff Landsman & Funk, P.C. ("Landsman") moves for reconsideration of the Court's June 30, 2009 decision (D.E. 31) (the "June 30th opinion") dismissing its putative class action—brought under the Telephone Consumer Protection Act ("TCPA") against defendant Skinder-Strauss Associates ("Skinder")—for lack of subject matter jurisdiction. This suit arose from Landsman's alleged receipt of an uninvited and unwelcome fax on July 15, 2008 sent from Skinder's offices. The June 30th opinion ruled on a pre-answer motion to dismiss, finding: (1) no federal question jurisdiction, in accordance with controlling Third Circuit precedent, because Congress intended TCPA actions to be brought in state, not federal court, *see Erienet, Inc. v. Velocity Net*, 156 F.3d 513 (3d Cir. 1998); and (2) finding no diversity jurisdiction because the Court determined New York's C.P.L.R. § 901(b) was controlling, which did not permit the aggregation of statutory TCPA damages for class action purposes and meant that Landsman

1

could not reach the class-action amount-in-controversy minimum of $5,000,000.  *See* 28 U.S.C. § 1332(d)(2)(A) (setting forth amount in controversy for class actions).

In its reconsideration motion, Landsman principally argues that the Court erred in applying New York's C.P.L.R. § 901(b), which does not permit a class action for statutory damages, because it contends C.P.L.R. § 901(b) is procedural in nature—not substantive—under the doctrine of *Erie Railroad v. Tompkins*, 304 U.S. 64, 82 (1938), and that Fed. R. Civ. P. 23 should have been applied in its place, which would have allowed Landsman's suit to be heard on diversity jurisdiction.  Landsman also argues that even if C.P.L.R. § 901(b) could be applied in federal court, it is inapplicable because Landsman contends the TCPA specifically requires the law of the forum state must be applied, here being the law of New Jersey.

Familiarity with the June 30th opinion is assumed.

## II.     Standard on Motions for Reconsideration

On a motion for reconsideration, Local Civil Rule 7.1(i) governs the Court's review. Under Rule 7.1(i), the moving party must set forth the factual matters or controlling legal authorities it believes the court overlooked reaching its initial decision.  L. Civ. R. 7.1(i). "Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked."  *Francis v. Joint Force Headquarters Nat. Guard*, No. 05-4882, 2009 WL 90396, *5 (D.N.J. Jan. 12, 2009).  In the Third Circuit, "[a] motion for reconsideration may only be granted on the ground that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) vacating the Order is necessary to correct a clear error of law or prevent manifest injustice."  *In re Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218

(3d Cir. 1995)). To warrant reconsideration, it must be that "dispositive factual matters or controlling decisions of law were overlooked," as "mere disagreement" with the Court should be reserved for the appellate courts. *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999).

### III.    Discussion

In opposing the reconsideration motion, Skinder submits that Landsman has taken an inconsistent position with arguments in its opposition papers to the underlying motion because Landsman is now arguing that C.P.L.R. § 901(b) is procedural (and thus not applicable in federal court under *Erie*) whereas it had earlier argued that a choice-of-law analysis was required. Skinder asserts that Landsman thereby "concede[s] that CPLR § 901(b) was a matter 'substantive' law, because a choice of law analysis would not have been required if CPLR § 901(b) was a mere procedural rule." (Skinder Opp'n Mot. Recons. 3.) The Court agrees with Skinder that Landsman adopts a conflicting position on reconsideration, and that Landsman fails to present controlling decisions that either represent an intervening change in applicable law or were overlooked.

Landsman's argument here, that no choice-of-law analysis need be performed in a TCPA action because the law of the forum state automatically governs, was not raised in the underlying motion briefing. It is, therefore not properly before the Court on reconsideration. On those grounds alone, the Court is free to deny its reconsideration motion. *See*, *e.g.*, *Joyce v. City of Sea Isle City*, 2008 U.S. Dist. LEXIS 56524 (D.N.J. July 23, 2008) (noting that even if an argument has merit, the "Court cannot entertain it for the first time on a motion for reconsideration.").

Substantively, the motion fails because the result reached in the June 30th opinion—that C.P.L.R. § 901(b) should be applied as substantive law in this TCPA putative class action—is

correct under controlling law, which in this action is the substantive law of New York. (*See* D.E. 31.) In *Bonime v. Avaya, Inc.*, the Second Circuit explicitly "h[e]ld that federal courts should apply C.P.L.R. 901(b) to putative New York class action brought for alleged TCPA violations." 547 F.3d 497, 502 (2d Cir. 2008). In *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, the Second Circuit again ruled that C.P.L.R. § 901(b) applies in this context, stating:

> *We agree with the overwhelming majority of district courts* that have concluded that CPLR 901(b) *is a substantive law* that must be applied in the federal forum, just as it is in state court. *Any other conclusion would contravene* the mandates of *Erie* by allowing plaintiffs to recover on a class-wide basis in federal court when they are unable to do the same in state court.

549 F.3d 137, 145 (2d Cir. 2008) (emphases added) (internal quotations and citations omitted), *cert. granted*, 129 S.Ct. 2160 (2009).[1] District courts have followed suit in applying C.P.L.R. § 901(b) as substantive law. *See*, *e.g.*, *In re Auto. Refinishing Paint Antitrust Litig.*, 515 F. Supp. 2d 544, 550 (E.D. Pa. 2007) (ruling on "the question of whether CPLR 901(b) should be considered a procedural or substantive rule under an *Erie* analysis," concluding "it is clear that CPLR 901(b) must apply in federal court as it does in state court. Any other conclusion would contravene the mandates of *Erie*[.]"). Accordingly, Landsman's arguments that C.P.L.R. § 901(b) was procedural in nature, and should not have been applied by the Court, are without merit.

In addition, the Court also rejects on its merits Landsman's arguments that no choice-of-law analysis is necessary under the TCPA, and that the law of the forum state is automatically applicable. Landsman cites no authority and it is clear that courts regularly conduct choice-of-law analyses in addressing TCPA actions. *See*, *e.g.*, *Weber v. U.S. Sterling Secs., Inc.*, 282 Conn. 722, 737 (2007) (addressing choice-of-law question in TCPA case).

---

[1] Despite Landsman's invitation to do so, this Court will not speculate as to the outcome of the Supreme Court granting certiorari to hear *Shady Grove*, and is guided by the current state of the law as defined by the Second Circuit.

4

**IV.     Conclusion**

For the foregoing reasons, Landsman's motion for reconsideration is denied.  An appropriate order will be entered.


                                              /s/   Katharine S. Hayden
                                              Hon. Katharine S. Hayden
                                              U.S. District Judge