IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANDSMAN & FUNK, P.C.,<br><br>Plaintiff,<br><br>v.<br><br>SKINDER-STRAUSS ASSOCIATES,<br><br>Defendant. | Civil Action No. 08-03610 (KSH) (CLW)<br><br>*Document electronically filed.*<br><br>AMENDED PRETRIAL<br>SCHEDULING ORDER |

**THIS MATTER** having come before the Court upon the parties' joint application for the issuance of an Amended Pretrial Scheduling Order to extend all deadlines by sixty (60) days; and the Court having considered the parties' joint submission; and good cause having been shown:

IT IS on this 12th day of November 2013,

**ORDERED THAT:**

*[Handwritten note: The court will hold a telephone conference, to be initiated by plaintiff, on 4/15/14 @ 1:_]*

### I. DISCOVERY

1. The parties will have until **January 8, 2014** to conclude all fact discovery in this matter. No discovery will issue beyond that date, except upon application to the Court demonstrating that good cause exists for the extension.

2. The parties are limited to ten (10) depositions, per side, except upon leave of Court. *See* Fed. R. Civ. P. 30. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **January 8, 2014**.

3. Counsel will confer in a good faith attempt to resolve any discovery or case management dispute before making such dispute the subject of a motion. No discovery motion

will be entertained absent counsel's full compliance with Local Civil Rule 37.1(a)(1). *See also* L. Civ. R. 16.1(f)(1).

    4.    Any unresolved discovery or case management disputes (other than those that arise during depositions) must be brought to the attention of the Court no later than **December 8, 2013**. *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1). The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. Failure to seek court intervention during depositions for deposition disputes shall constitute a waiver of the right to seek relief.

    5.    No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

## II.    MOTION PRACTICE

    1.    The class certification motions shall be filed no later than **April 11, 2014** and must comply with Local Civil Rule 7.1. Any response shall be submitted no later than **April 21, 2014** and any replies shall be submitted no later than **April 28, 2014**. The return date shall be **May 5, 2014** before the Honorable Katharine S. Hayden, U.S.D.J. Her Honor's chambers will advise the parties if oral argument will be required.

    2.    All other dispositive motions shall be discussed with the Court either in person or by teleconference. If leave is granted to file a motion for summary judgment, the following protocol shall apply:

        i.    Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the

#2010017
108581-64137

moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

    ii. Each response in opposition shall be accompanied by a separate, short, and concise statement of material facts. The opposing statement shall admit, deny, or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

    iii. In the event a party seeks to submit a reply, the party may do so.. Accompanying the proposed reply shall be a separate, short, and concise statement of material facts which shall not be limited to any additional facts submitted by the opposing party. The reply statement shall admit, deny, or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

    iv. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

    v. Local Rules governing electronic filing and length, font-size, and format of moving, opposing, and reply briefs shall continue to apply as appropriate. Parties shall

#2010017
108581-64137

provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention: the Hon. Katharine S. Hayden, U.S.D.J.

### III.   EXPERTS

1. All affirmative expert reports shall be delivered by **January 22, 2014**.

2. All responding expert reports shall be delivered by **February 24, 2014**.

3. All expert reports are to be in the form and content as required by Federal Rule of Civil Procedure 26(a)(2)(B). No expert shall testify at the time of trial as to any opinions, nor base those opinions on facts, not substantially disclosed in his/her report.

4. All expert depositions shall be completed by **March 24, 2014**.

### IV.   FUTURE CONFERENCES

1. The Court shall conduct the scheduled **telephone status conference** on _____. Plaintiff's counsel shall initiate the conference call.

2. A settlement conference will be set at the time of the aforementioned conference call. No later than seven (7) days prior to the settlement conference, each party is to deliver to the court a confidential *ex parte* letter, **NOT** to exceed five (5) pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial counsel and clients with full settlement authority are to be present **IN PERSON** at the conference. Any failure in this regard may result in the imposition of sanctions.

### V.   FINAL PRETRIAL CONFERENCE

1. A final pretrial conference shall be conducted, pursuant to Federal Rule of Civil Procedure 16(d), **at a time and date to be determined by the Court**. The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the

4

#2010017
108581-64137

Final Pretrial Conference only if the requesting party makes a compelling showing that manifest justice would otherwise result absent adjournment.

2. Not later than twenty (20) working days before the Final Pretrial Conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

3. All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

4. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs, and any hypothetical questions to be put to an expert witness on direct examination.

5. The original Joint Proposed Final Pretrial Order shall be delivered to the Chambers of the Undersigned **at a date to be determined by the Court**. All counsel are responsible for the timely submission of the Order.

6. The Court expects to engage in meaningful settlement discussions at the Final Pretrial Conference. Therefore, trial counsel who actually have full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### VI.  MISCELLANEOUS

1. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of the parties.

#2010017
108581-64137

2. Since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

3. A copy of every pleading, document, or written communication with the Court shall be served on all parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

4. Absent permission from Chambers, communications by facsimile will not be accepted. All communications shall be in writing or by telephone conference.

5. A party's failure to appear at subsequent conferences, or to comply with any terms of this Order, may result in the imposition of sanctions.

**IT IS SO ORDERED.**

_____
**Cathy L. Waldor
United States Magistrate Judge**

#2010017
108581-64137