**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2485
_____

LANDSMAN & FUNK, P.C., on behalf of
itself and all others similarly situated

v.

SKINDER-STRAUSS ASSOCIATES,
a New Jersey partnership

*Lightman & Associates, P.C., d/b/a Lightman & Manochi;
Glenn A. Manochi, Esquire,
                                Appellants


*(Pursuant to Rule 12(a) Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-03610)
Magistrate Judge: Hon. Cathy L. Waldor (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2016

BEFORE: FISHER, CHAGARES AND COWEN, <u>Circuit Judges</u>

(Filed: February 16, 2016)

1

_____

OPINION[*]

_____

COWEN, Circuit Judge.

Lightman & Associates, P.C., d/b/a Lightman & Manochi and Glenn A. Manochi, Esquire (collectively "the Objectors") appeal from the Magistrate Judge's order granting the motion for final approval of the class settlement, award of attorneys' fees, and incentive award filed by Plaintiff Landsman & Funk, P.C. ("Landsman"). We will affirm.

I.

In 2008, Landsman filed a putative class action in the United States District Court for the District of New Jersey against Defendant Skinder-Strauss Associates ("Skinder-Strauss") under the Telephone Consumer Protection Act ("TCPA"). Landsman alleged that Skinder-Strauss violated this statute by sending out thousands of unsolicited fax advertisements. The case was heavily litigated by the parties. For example, Landsman successfully appealed to this Court from the District Court's order dismissing its first amended complaint. See, e.g., Landsman & Funk, P.C. v. Skinder-Strauss Assocs., Nos. 09-3105, 09-3532, 09-3793, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) (en banc) (vacating order granting reargument en banc and reinstating panel opinion to extent consistent with Supreme Court's holding in Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012), that

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not

2

federal courts have jurisdiction over TCPA causes of action); Landsman & Funk, P.C. v. Skinder-Strauss Assocs., 640 F.3d 72 (3d Cir. 2011) (vacating District Court's order). After an all-day mediation session with retired Magistrate Judge John J. Hughes, Landsman and Skinder-Strauss reached a settlement. The parties consented to the Magistrate Judge's jurisdiction. The Magistrate Judge preliminarily certified the class for settlement purposes and preliminarily approved the settlement.

"The Settlement Agreement provides for a total settlement fund of $625,000—to be distributed on a sliding scale from $500 to $175 per fax received depending on whether the fax was retained and on how many faxes were received by a claimant—attorney's fees of one-third of the fund, and an incentive award." Landsman & Funk, P.C. v. Skinder-Strauss Assocs., Civil Action No. 08CV3610 (CLW), 2015 WL 2383358, at *1 (D.N.J. May 18, 2015). The conditionally certified class included "anyone who, from June 15, 2008 through August 31, 2008, was sent or caused to be sent one or more facsimile advertisements by Skinder-Strauss Associates, its employees, agents, vendors or contractors." (JA206.) To submit a claim, a claimant was required to fill out a claim form certifying under penalty of perjury that the claimant or his or her business had received one or more fax advertisements during the class period. While the Objectors were notified of the class action settlement and submitted a claim form, they refused to declare under the penalty of perjury that they had actually received a fax. Instead, Manochi indicated that, to best of his knowledge, a fax advertisement had been received during the class period. The claim was rejected. The

---

constitute binding precedent.

Objectors were also the only putative class members to file an objection.

After conducting a fairness hearing, the Magistrate Judge granted Landsman's motion for final approval. In her May 19, 2015 opinion, the Magistrate Judge indicated that the Objectors "lack standing to object because they are not members of the class." Landsman, 2015 WL 2383358, at *2. "[The] Court nonetheless rejects the Objectors' arguments that certification and acceptance of the settlement are inappropriate in this matter." Id. The Magistrate Judge then determined that this case met the requirements for class certification, that the settlement agreement as well as the award of attorneys' fees were fair and reasonable, and that Landsman's incentive award was appropriate.

II.

The Objectors argue that the Magistrate Judge committed reversible error by approving the class action settlement and the award of attorneys' fees.[1] It appears

---

[1] It is undisputed that the District Court had subject matter jurisdiction pursuant to the TCPA, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. According to the parties, the Objectors lacked standing to object and have no standing to bring this appeal. However, the Magistrate Judge did not formally dismiss the objection on standing grounds. She instead considered the Objectors' arguments and rejected them on the merits. See, e.g., In re Cendant PRIDES Corp. Litig., 243 F.3d 722, 730-31 (3d Cir. 2001) (stating that thorough review of fee applications is required in all class action settlements); In re GM Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995) (stating that district court "'acts as a fiduciary who must serve as a guardian of the rights of absent class members'" and must "'independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished'" (citations omitted)). We have jurisdiction over the Magistrate Judge's decision pursuant to 28 U.S.C. § 1291.

We review an order approving a class action settlement and awarding attorneys' fees to class counsel for an abuse of discretion. See, e.g., Larson v. AT&T Mobility, LLC, 687

undisputed that, while $58,325 will be paid to the class members (and Landsman will receive a $10,000 incentive payment), "Defendant will receive back more than one-half of the Settlement Fund ($348,343/625,000 = 55.7%)." (Appellants' Brief at 14.) The Objectors also observe that class counsel will receive approximately 75% of all amounts being paid out to settle the class action and that the fee award is more than three and a half times the amount actually received by the class members. We, however, conclude that the Magistrate Judge did not abuse her discretion.

According to the Objectors, the Magistrate Judge did not properly apply the Girsh factors, see Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975), and failed to "use the class claims data to address the 'level of direct benefit to the class' analysis required by Baby Products before it approved the Settlement Agreement." (Id. at 15 (quoting In re Baby Prods. Antitrust Litig., 708 F.3d 163, 170, 174 (3d Cir. 2013))). As the Magistrate Judge recognized, the Girsh decision set out several factors that courts should consider when deciding whether to approve a proposed class action settlement.[2] See, e.g., Baby Prods.,

---

F.3d 109, 122 (3d Cir. 2012); Cendant, 243 F.3d at 727.

[2] These factors are:

> 1) the complexity and duration of the litigation; 2) the reaction of the class to the settlement; 3) the stage of the proceedings and the amount of discovery completed; 4) the risks of establishing liability; 5) the risks of establishing damages; 6) the risks of maintaining a class action; 7) the ability of the defendants to withstand a greater judgment; 8) the range of reasonableness of the settlement in light of the best possible recovery; and 9) the range of reasonableness of the settlement in light of the attendant risks of litigation.

Landsman, 2015 WL 2383358, at *5 (citing Baby Prods., 708 F.3d at 174).

5

708 F.3d at 174.  Quoting our opinion in Baby Products, the Magistrate Judge also stated that "[a]n 'additional inquir[y] for a thorough analysis of settlement terms is the degree of direct benefit provided to the class.'"  Landsman, 2015 WL 2383358, at *5 (quoting Baby Prods., 708 F.3d at 174).  Accordingly, she expressly considered but rejected the Objectors' argument that the settlement failed to account for a large number of potential claimants.  "[T]he parties ascertained about 20,000 potential claimants," id. at *2, and there were "over three hundred confirmed claims," id. at *5 (citing JA171, JA279-JA280, JA282-JA284).  The parties, in turn, understandably wished "to avoid further litigation concerning whether class members were sufficiently objectively ascertainable."  Id. at *2.  More broadly, the Magistrate Judge reasonably observed that this matter "has been vigorously litigated since its commencement in 2008," id. at *5, and that it would be expected that "defense counsel would diligently litigate [issues of liability and damages under the TCPA] if the matter were to proceed in the absence of immediate settlement," id. at *6.  In fact, only a single objection and no exclusions were submitted even though there were thousands of potential class members.  See, e.g., In re Rite Aid Corp. Sec. Litig., 396 F.3d 294, 305 (3d Cir. 2005) (stating that district court did not abuse discretion in finding absence of substantial objections by class members weighed in favor of approval).

"Plaintiff's counsel seek a one-third percentage fee of the settlement fund, which is $208,333.00 plus $2,389.40 in expenses, and note that, according to the lodestar method, they accumulated fees of $106,716.12."  Landsman, 2015 WL 2384458, at *8 (footnote omitted) (citing JA183, JA148, Motion for Final Approval).  Vigorously contesting the

6

Magistrate Judge's fee assessment, the Objectors take particular issue with her reading of Boeing Co. v. Van Gemert, 444 U.S. 472 (1980), as holding that "attorney's fees in reverter cases should be calculated based on the entire common fund, as opposed to by the amount claimed by class members." Landsman, 2015 WL 2383358, at *8 (citing Boeing, 444 U.S. at 480-81). In Baby Products, we similarly recognized that, "[a]lthough the Supreme Court has not addressed whether attorneys' fees should be reduced when a portion of a settlement fund is distributed *cy pres*, it has confronted essentially the same issue when calculating percentage fee awards against a settlement fund that will partially revert to the defendant." Baby Prods., 708 F.3d at 177. While it did not address the question whether a district court abuses its discretion by basing the award on the amount claimed by the class members, the Boeing Court still "confirmed the permissibility of using the entire fund as the appropriate benchmark, at least where each class member needed only to prove his or her membership in the injured class to receive a distribution." Id. (footnote omitted) (citing Boeing, 444 U.S. at 480-81). Refusing to adopt a general rule requiring district courts to discount fees whenever a portion of an award will be distributed *cy pres*, we explained that it is appropriate for the district court to decrease the award where it has reason to believe that class counsel failed to meet its responsibility to seek an award that "adequately prioritizes direct benefit to the class." Id. at 178 (citations omitted). The district court should begin by determining with a reasonable degree of accuracy the distribution of funds that will result from the claims process. Id. at 179. "That court should then, relying on the Gunter/Prudential factors [Gunter v. Ridgewood Energy Corp., 223

7

F.3d 193 (3d Cir. 2000), and <u>In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions</u>, 148 F.3d 283 (3d Cir. 1998)] and its experience, determine whether the level of distribution provided to the class by the settlement reflects a failure of class counsel to represent adequately the interests of the entire class."[3] <u>Baby Prods.</u>, 708 F.3d at 179.

Given these basic legal principles, the Magistrate Judge did not abuse her discretion by upholding the fee award. She appropriately determined that the reverter element of this settlement was fair and reasonable because there were "no indicia of self-dealing by counsel" and "counsel has met its responsibility to seek an award that adequately prioritizes direct benefit to the class." <u>Landsman</u>, 2015 WL 2383358, at *8 (citing <u>Baby Prods.</u>, 708 F.3d at 178). The Magistrate Judge was well aware of what had happened in the claims process, e.g., the parties believed there could be 20,000 potential claimants, over three hundred claims were confirmed, no exclusions were submitted, and there was only one objection. The Magistrate Judge also had already rejected "the contention that the

---

[3] As the Magistrate Judge recognized, a district court should consider the following factors in its fee assessment:

> 1) the size of the fund created and the number of persons benefitted; 2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; 3) the skill and efficiency of the attorneys involved; 4) the complexity and duration of the litigation; 5) the risk of nonpayment; 6) the amount of time devoted to the case by plaintiffs' counsel; and 7) the awards in similar cases.

<u>Gunter v. Ridgewood Energy Corp.</u>, 223 F.3d 193, 195 n.1 (3d Cir. 2000) (citations omitted).

settlement fails to account for a large segment of potential claimants." Id. at *2. The Magistrate Judge acknowledged her obligations as a fiduciary and "thus duly considered the Objectors' arguments in reaching the factual and legal conclusions herein." Id. at *8 n.5. With respect to the Gunter factors, it appears uncontested that class counsel are highly skilled and experienced in this type of litigation, they devoted hundreds of hours of work to what was a complex and heavily litigated case, they settled this case well before trial, and there was only a single objection to the fee award. Having addressed whether counsel met their burden of seeking an award that prioritizes direct benefit to the class, the Magistrate Judge properly relied on the entire fund as the appropriate benchmark for assessing the size of the fund created and conducting a lodestar check. While the Objectors contend that the class counsel's assertion that Skinder-Strauss had no ability to pay constituted inadmissible evidence, it appears undisputed that they never raised an evidentiary objection below. Likewise, we believe that it was appropriate for the Magistrate Judge to determine that "Plaintiff's thorough recitation of the applicable law and its accompanying collection of comparable cases bolster the Court's finding that the proposed fee is reasonable." Id. at *8 (citing Motion for Final Approval).

III.

For the foregoing reasons, we will affirm the order of the Magistrate Judge.